United States District Court
District of Massachusetts

| | |
|---|---|
| PAUL E. VRUSHO,          )<br>                          )<br>     Plaintiff,         )<br>                          )<br>     v.                   )<br>                          )<br>CREATIVE TRANSPORTATION   )<br>SERVICES, INC.,           )<br>                          )<br>     Defendant.          )<br>                          ) | Civil Action No.<br>13-11724-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case began with a botched contract to deliver trees to a North Carolina nursery but now focuses on inter-governmental jurisdictional rules. Perceiving unfairness and, specifically, a due process violation in his treatment at the hands of state courts in North Carolina and New Hampshire, pro se plaintiff Paul Vrusho ("plaintiff" or "Vrusho") comes to this Court for relief against defendant Creative Transportation Services ("defendant" or "Creative").

Unfortunately for plaintiff, this Court is without jurisdiction to review an appeal of a final decision of the New Hampshire Supreme Court, let alone one involving conduct between parties in New Hampshire and North Carolina. Accordingly, plaintiff's claim fails for lack of subject matter jurisdiction.

**I.   Background**

The Court understands the facts of this case to be undisputed as summarized in the opinion of the New Hampshire Supreme Court. See Creative Transp. Serv. v. Paul E. Vrusho d/b/a Granite State Nursery & Evergreen, No. 2012-0453, Final Order of April 11, 2013.  While plaintiff dwells on the facts undergirding his due process arguments and his disputed liability, a description of the rather convoluted procedural history of this case suffices for present purposes.

In 2006, a North Carolina trial court entered summary judgment in favor of Creative (the plaintiff in that action) against Vrusho and awarded Creative $35,000 plus costs and interest.  Creative sought, for the first time, to enforce the North Carolina judgment in New Hampshire.  Vrusho then retained counsel in North Carolina and successfully vacated the summary judgment order against him.  In 2011, however, Vrusho failed to appear at a hearing on the merits of the claim and the North Carolina court subsequently entered a default judgment against him.

After Vrusho failed to appeal that order in North Carolina, Creative successfully moved to enforce the revised North Carolina judgment in New Hampshire.  Defendant is engaged in an ongoing effort in New Hampshire Superior Court to require Vrusho to make periodic payments on the judgment against him.

Vrusho filed the subject complaint in this Court in July, 2013.[1]  He sought to remove the portion of the proceedings currently pending in New Hampshire Superior Court but this Court denied the subject motion in November, 2013.  In the meantime, Creative moved to dismiss this action and for sanctions against plaintiff.  Plaintiff filed an opposition only to defendant's motion for sanctions but appears to address both of defendant's motions in his supporting memorandum.  Finally, Vrusho filed a motion for "reconsideration" on December 16, 2013, which the Court treats as an opposition to defendant's motion to dismiss rather than a request for reconsideration of any court order.  For good measure, defendant opposes Vrusho's "motion."

## II. **Defendant's Motion to Dismiss**

Vrusho's complaint is styled as an appeal to this Court in light of his prior exhaustion of appeals in the New Hampshire Supreme Court.  Specifically, plaintiff alleges that his due process rights were violated by the initial proceedings in North Carolina and the subsequent proceedings in New Hampshire.  Creative challenges plaintiff's complaint on multiple grounds, contending that it fails for lack of subject matter jurisdiction, personal jurisdiction, insufficient service of

---

[1] Other than an oblique reference to a "conflict" that plaintiff has with the District Court in Concord, New Hampshire, it remains unclear why plaintiff filed the subject complaint in this Court.

-3-

process and failure to state a claim upon which relief can be granted. The Court addresses subject matter jurisdiction first and foremost.

Federal courts have limited jurisdiction and are subject to the "Rooker-Feldman doctrine" which

> precludes "the losing party in state court [from filing] suit in federal court after the state proceedings [have] ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment."

Coggeshall v. Mass. Bd. Of Registration of Psychologists, 604 F.3d 658, 663 (1st Cir. 2010) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005)). This somewhat obscure doctrine stands for a straightforward proposition: a federal district court cannot exercise appellate jurisdiction over a state court decision unless specifically authorized by Congress. Limited exceptions to Rooker-Feldman exist where Congress has expressly authorized such review, principally in the context of habeas corpus review of state court convictions, bankruptcy court review of state judgments and federal court authority to vacate state court judgments violating United States treaty obligations. See, e.g., Doe v. Mann, 415 F.3d 1038, 1043-44 (9th Cir. 2005).

None of those exceptions applies in this case. Plaintiff's appeal plainly does not fall under the aegis of habeas corpus or bankruptcy jurisdiction and no statute allows for district court

review of the subject New Hampshire Supreme Court judgment. Moreover, plaintiff clearly labels his complaint as an appeal of the final order of the New Hampshire Supreme Court of April 11, 2013. Accordingly, the Rooker-Feldman doctrine precludes this Court from exercising jurisdiction over plaintiff's complaint.

In light of this finding, the Court need not address defendant's other arguments.

### III. Defendant's Motion for Sanctions

Following on its motion to dismiss, defendant Creative also moves for the imposition of sanctions under Fed. R. Civ. P. 11 against plaintiff Vrusho for his allegedly improper complaint.

Rule 11 protects defendants and the Court from frivolous lawsuits. See Navarro-Ayala v. Nunez, 968 F.2d 1421, 1426 (1st Cir. 1992). It provides that all litigants, represented parties and pro se litigants alike, must certify to the court that their filings are not submitted for an improper purpose, the legal claims are non-frivolous and any factual allegations have, or will have, reasonable evidentiary support. See Fed. R. Civ. P. 11(b).

Sanctions under Rule 11 should be "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Id. § (c)(4); see also Lamboy-Ortiz v. Ortiz-Velez, 630 F.3d 228, 247 (1st Cir. 2010) ("[The] purpose of Rule 11 sanctions is to deter rather than to

compensate."). In determining sanctions against unrepresented parties, courts may consider "the state of the pro se party's sophistication and experience, or lack thereof." Hughes v. McMenamon, 379 F. Supp. 2d 75, 80 (D. Mass. 2005). Ultimately, imposing sanctions under Rule 11 is committed to the sound discretion of the court.

In this case, the Court cannot conclude that plaintiff's filings were submitted for an improper purpose. Plaintiff's legal theory is, admittedly, precluded by a straightforward application of the Rooker-Feldman doctrine. Nonetheless, the instant record does not demonstrate that plaintiff's filings were intended to harass, delay or increase litigation costs. See Fed. R. Civ. P. 11(b)(1). Although defendant avers that plaintiff is, in fact, represented by "competent counsel," the Court similarly finds no evidence in the record that plaintiff retained counsel for the subject complaint. In light of those findings and plaintiff's plain lack of legal sophistication, the Court concludes that a warning is sufficient to deter any future unfounded filings by plaintiff. Monetary sanctions are uncalled-for.

Accordingly, the Court declines to impose Rule 11 sanctions against plaintiff. Plaintiff is forewarned, however, that he must hereafter address any appeal to the appropriate appellate

tribunal.  In the event of any repetitive filings by plaintiff, the Court will entertain a renewed motion for sanctions.

## ORDER

In accordance with the foregoing, defendant's motion to dismiss for lack of subject matter jurisdiction (Docket No. 8) is **ALLOWED**, defendant's motion for sanctions (Docket No. 14) is **DENIED** and plaintiff's motion for reconsideration (Docket No. 18) is **DENIED**.

**So ordered.**

                                          /s/ Nathaniel M. Gorton_____
                                          Nathaniel M. Gorton
                                          United States District Judge

Dated December 31, 2013